**Allen R. BAKKE, as Trustee for the Heirs of Barbara J. Bakke, Decedent, Respondent,**

**v.**

**Dr. Dale C. LINDQUIST et al., Appellants.**

**No. 46769.**

Supreme Court of Minnesota.

July 15, 1977.

Geraghty, O'Loughlin & Kenney and James W. Kenney, St. Paul, for appellants.

Burns & Norha and Patrick Norha, Minneapolis, for respondent.

PER CURIAM.

Barbara Bakke died from head injuries after she had been treated as an outpatient by defendant Dr. Dale Lindquist and sent home. A malpractice action was brought by the trustee for the heirs of Mrs. Bakke. The jury returned a verdict for plaintiff. We affirm.

A detailed statement of the facts giving rise to this cause of action is not necessary. The issues on appeal relate to evidentiary rulings by the trial court.

The principal issue raised by defendants arose during defense counsel's cross-examination of decedent's husband, Allen Bakke. Defense counsel attempted to impeach his testimony through the use of facts and allegations contained in the original complaint filed by plaintiff in the action. Plaintiff's counsel, in the presence of the jury, referred to an office memorandum which was

a compilation of facts related by Allen Bakke to attorneys in his office concerning his wife's head injury and subsequent treatment. The memorandum was brought to the attention of the court in order to demonstrate that plaintiff's counsel had improperly prepared the initial complaint and that the amended complaint presented a correct statement of the facts consistent with Allen Bakke's testimony. The evidence was received over objections of defense counsel that it contained hearsay and was without foundation. Subsequently, in a rather bizarre change of positions, plaintiff sought to withdraw the memorandum from evidence and defense counsel objected to the proferred withdrawal. After extensive argument in chambers, the trial court allowed the memorandum to be received in evidence and denied defense counsel's motion for mistrial. On appeal, defendants allege it was error to admit the memorandum in evidence.

This case represents anything but a model of trial court tactics and procedures. Nevertheless, we are satisfied that the factual dispute was fairly presented to the jury and decline to set aside its determination of the factual issues. Any error relative to the admission of the memorandum was not prejudicial to defendants' case and was contributed to by defense counsel.

We have reviewed the remaining evidentiary objections raised by defendants and find them to be without merit.

Affirmed.

OTIS, J., took no part in the consideration or decision of this case.